UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| TOMMIE LEE COLLINS, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:23-cv-00037-JSD ) |
| DAN REDINGTON, | ) ) |
| Respondent. | ) ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Tommie Lee Collins's response to the Court's August 7, 2023 order to show cause. ECF No. 11. Both petitioner and respondent have consented to the exercise of plenary authority by a United States Magistrate Judge under 28 U.S.C. § 636(c). Having carefully reviewed petitioner's response, the Court concludes that his arguments are without merit, the instant action is time-barred under 28 U.S.C. § 2254, and the petition should be summarily dismissed.

### Background

On June 29, 2015, a jury convicted petitioner of four counts of statutory sodomy in the first-degree and possession of a controlled substance. *State of Missouri v. Collins*, No. 1216-CR00802-03 (Cir. Ct. of Jackson County).[1] On September 2, 2015, petitioner was sentenced as a persistent offender to concurrent fifteen-year terms of imprisonment for each statutory sodomy count and a consecutive term of ten years imprisonment for the possession count.

---

[1] Petitioner's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

Petitioner filed a direct appeal. The Missouri Court of Appeals for the Western District affirmed the judgment on August 29, 2017. *State v. Collins*, 527 S.W.3d 176 (Mo. App. W.D. 2017). A motion to transfer to the Missouri Supreme Court was not filed.

On December 19, 2017, petitioner timely filed a motion to vacate, set aside, or correct the judgment or sentence. *Collins v. State of Missouri*, No. 1716-CV31009 (Cir. Ct. of Jackson County). The motion was filed pursuant to Missouri Supreme Court Rule 29.15. An amended motion was filed on March 19, 2018. The circuit court denied the amended motion on March 16, 2020. Petitioner again filed a notice of appeal. The Missouri Court of Appeals for the Western District affirmed the judgment of the circuit court on November 9, 2021. *Collins v. State*, 633 S.W.3d 556 (Mo. App. W.D. 2019). The mandate was issued on December 1, 2021.

Petitioner filed the instant action on July 7, 2023 by electronically submitting his petition at the prison. *See Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999) (stating that "a pro se prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court").

On August 7, 2023, the Court ordered petitioner to show cause as to why his petition should not be dismissed as time-barred. ECF No. 9. Within the show cause order, the Court calculated the relevant dates as follows. On August 29, 2017, the Missouri Court of Appeals affirmed petitioner's conviction and sentence on direct appeal. Because a motion to transfer to the Missouri Supreme Court was not filed, his judgment became final fifteen days later on September 13, 2017. Petitioner's one-year statute of limitations began running at that time. Ninety-seven (97) days later, on December 19, 2017, petitioner filed a Rule 29.15 motion and the limitations period began tolling. The Missouri Court of Appeals issued its mandate on December 1, 2021, which marked the end of petitioner's postconviction proceedings and the tolling ceased.

At the point when the statute of limitations began running again on December 1, 2021, ninety-seven (97) days had already elapsed, meaning that petitioner had two-hundred-and-sixty-eight (268) days in which to timely file his 28 U.S.C. § 2254 petition. Therefore, the deadline for him to file his § 2254 petition was August 26, 2022. However, petitioner did not file his petition until July 7, 2023, approximately ten (10) months after the expiration of the limitations period. It therefore appeared his petition was time-barred pursuant to 28 U.S.C. § 2244(d)(1).

Due to the above calculation, the Court ordered petitioner to show cause as why this action should not be dismissed as untimely, or why his untimeliness should be excused.

### Discussion

Petitioner filed the instant response to the Court's show cause order. ECF No. 11. Petitioner does not dispute the Court's summary of the timeline from the date of his conviction and sentencing to the date the Missouri Court of Appeals issued its mandate on December 1, 2021, which marked the end of petitioner's postconviction proceedings. Petitioner also does not dispute that his 28 U.S.C. § 2254 habeas petition is untimely. Rather, plaintiff states his tardiness in filing should be excused based on the following:

> At common law, res judicate did not attack to a court's denial of habeas relief. *McCleskey*, 499 U.S. at 479. Instead, "a renewed application could be made to every other judge or court in the realm, and each court or judge was bound to consider the question of the prisoner's right to a discharge independently, and not to be influenced by the previous decisions refusing discharge. *Ibid.*, quoting W. Church, Writ of Habeas Corpus § 386, p. 570 (2d ed. 1893).

*Id.* at 3.

Petitioner's reference to *McCleskey v. Zant*, 499 U.S. 467 (1991) is misguided as the Supreme Court of the United States was specifically addressing the validity of the common-law rule allowing for endless *successive* petitions. The issue here is the timeliness of the petitioner's first habeas filing, not whether he can submit a successive petition.

3

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). As discussed above, and in the Court's August 7, 2023 show cause order, the deadline for petitioner to file his § 2254 petition was August 26, 2022, which accounts for his post-conviction proceeding tolling period. Petitioner did not file his petition until July 7, 2023, approximately ten (10) months after the expiration of the limitations period. Petitioner does not dispute his petition is time-barred and does not provide a valid basis for any equitable tolling. Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Here, petitioner is not entitled to relief because this action is untimely.

## Certificate of Appealability

The Court has considered whether or not to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court"). In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED** and **DISMISSED** without prejudice as **untimely**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 24th day of August, 2023.

                                          JOSEPH S. DUEKER
                                          UNITED STATES MAGISTRATE JUDGE